UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03046-TWP-MPB |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING AND ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiff Brenda L. White's ("White") Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 2). Because she is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

**A. Filing Fee**

White's motion for leave to proceed *in forma pauperis*, without prepaying fees or costs (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite White's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS

106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B. Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**C. The Complaint**

In this civil action, *pro se* plaintiff White appears to assert a claim for worker's compensation because of a back injury that was sustain while moving a box in 2006. It appears that White was working for Defendant Indianapolis Public Schools at the time of the injury, and she alleges that the Defendant refused to provide benefits for her injury.

**D. Dismissal of Complaint**

2

It does not appear that this Court has jurisdiction to adjudicate the claim that White has presented. Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

On the fill-in-the-blank "Complaint Form," White has checked the box for "suing for a violation of federal law under 28 U.S.C. § 1331," as well as the box for "suing under state law," based on diversity jurisdiction ([Filing No. 1 at 4](Filing No. 1 at 4)). However, she has presented a state law claim for worker's compensation and seeks an unspecified amount of money damages. In order for a federal court to exercise jurisdiction over such a claim, the parties must be citizens of different states, *see* 28 U.S.C. § 1332, and it appears that White and the Defendant are citizens of Indiana.

Accordingly, the Complaint is subject to dismissal for lack of jurisdiction because of a lack of diversity jurisdiction.

**E. <u>Opportunity to Show Cause</u>**

White shall have through **Friday, August 23, 2019**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If White elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury White claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

## II. <u>CONCLUSION</u>

For the reasons stated above, White's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee ([Filing No. 2](Filing No. 2)) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of subject-matter jurisdiction. White is granted

leave to file an amended complaint by no later than **Friday, August 23, 2019**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

    **SO ORDERED.**

Date: 7/29/2019

*Tanya Walton Pratt* (signature)

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brenda L. White
4141 N Ridgeview Drive
Indianapolis, IN 46226